UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| BILLY LITTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:17-cv-479-JMH |
| v. | ) | |
| | ) | |
| RIDLEY USA, INC. d/b/a | ) | **MEMORANDUM OPINION & ORDER** |
| RIDLEY BLOCK OPERATIONS, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*

Billy Littleton got hurt on the job. Placed at Defendant Ridley USA, Inc. ("Ridley") through a temporary placement agency, Littleton suffered an injury to his arm and hand while working on the production line. He collected workers' compensation through the temporary agency, as he is entitled under Kentucky law. He then filed this lawsuit against Ridley alleging negligence based on his injuries. But because the Kentucky Workers' Compensation Act immunizes employers from common law tort liability, Littleton cannot collect from Ridley. As such, his claim fails as a matter of law, and Ridley's Motion for Summary Judgment is **GRANTED**.

I.

Plaintiff was employed through a temporary staffing agency, Nesco Resource, LLC ("Nesco") and assigned to work at Ridley's facility in Flemingsburg, Kentucky. [DE 1-1, p. 2]. Ridley, which

1

manufacturers various agricultural and farm feed products, had Littleton working on a "clamshell," which is used as part of the pre-packaging process. [DE 1-2, p. 2]. Plaintiff alleges that Ridley instructed employees, including Littleton, to scrape molasses material from the clamshell to keep it working properly. [*Id.*]. While Plaintiff was doing so, the clamshell closed and crushed Plaintiff's arm. [*Id.*]. Coworkers freed Littleton who was taken to Fleming County Hospital before being flown to UK Hospital for trauma care. [*Id.*]. Littleton sustained injuries to his left arm and had his left thumb amputated. [*Id.* at p. 3].

Littleton sued Ridley in Fleming County Circuit Court in November 2017 alleging negligence per se against Ridley based on alleged violations of federal law. [DE 1]. In particular, Littleton argued that Ridley violated 29 C.F.R. § 1910.212(a)(1). [*Id.*]. The Kentucky Labor Cabinet investigated and found Ridley violated the regulation by failing to provide adequate guard measures on the clamshell. [DE 1-1, p. 3].

Littleton's lawsuit seeks damages under KRS 446.070, which allows recovery of damages sustained by violation of a statute. In particular, Littleton claims that because the Kentucky Labor Cabinet determined Ridley violated 29 C.F.R. § 1910.212, Littleton is entitled to damages under the Kentucky statute. [DE 1-1, pp. 3-4]. Littleton seeks damages for medical bills, lost income,

pain and suffering, as well as costs, and attorney's fees. [DE 1-1, p. 5].

Defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1441 in December 2017. [DE 1]. Among its various defenses, Ridley claims it is entitled to "up-the-ladder" immunity under the Kentucky Workers' Compensation Act. [DE 5, p. 2]. Based on that defense, Ridley filed a Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment. [DE 14]. Ridley argues that the Workers' Compensation Act is the exclusive remedy for Littleton and thus Plaintiff may not recover against Ridley. [*Id.*].

Specifically, Defendant argues that Littleton was covered by a policy of workers' compensation through Nesco, Littleton's immediate employer. [DE 14-1, p. 2]. Littleton, Ridley argues, received the workers' compensation benefits. [*Id.*]. Ridley argues this immunizes it from any liability. Ridley filed its Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment in January. [DE 14]. Plaintiff responded [DE 20], and Ridley replied [21], making the matter ripe for review.

II.

Plaintiff moves under Rule 12(c) for judgment on the pleadings or, in the alternative, under Rule 56 for summary judgment.

*(i) Judgment on the Pleadings*

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under such a motion "all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A motion for judgment on the pleadings requires the same "standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015) (quoting *Tucker*, 539 F.3d at 549).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

4

is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a court must accept as true all well-pleaded factual allegations, they need not accept legal conclusions as true. *Id.*

    *(ii)    Summary Judgment*

Summary judgment is appropriate when no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To prevail on summary judgment, the moving party must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Thus, the Court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251—52.

In considering a motion for summary judgment, the Court must construe the facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. After the moving party meets its burden of production, the nonmoving party must "go beyond the pleadings" through the use of affidavits, depositions, answers to

interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252.

*(iii)    Applicable Law*

Where, as here, a federal court sits in diversity, the court applies the substantive law of the state in which the court is situated. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 73 (1938). Littleton's tort claims turn on whether, under Kentucky law, Ridley is a statutory contractor and employer for the purposes of the Kentucky Workers' Compensation Act. This is a ""mixed question of law and fact that must be ascertained by the court, rather than by a jury." *Black v. Dixie Consumer Prods., LLC*, 516 F. App'x 412 414 (6th Cir. 2013) (citing *Gen Elec. Co. v. Cain*, 236 S.W.3d 579, 589 (Ky. 2007)).

III.

Ridley argues that this Court must dismiss Littleton's case for a simple reason: Kentucky law immunizes Ridley from liability. The Kentucky Workers' Compensation Act contains an "exclusive remedy" provision that immunizes some employers from common law tort liability. Specifically, KRS 342.690 states:

6

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal reprehensive, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section the term 'employer' shall include a 'contractor covered by subsection (2) of KRS 342.610.

When a company contracts to have work performed by a temporary employee, the company enjoys the benefits of the exclusive remedy provision so long as it qualifies as an "employer" under the statute. To do so, the company must meet the definition of a "contractor" under KRS 342.610. If it does, the company cannot be sued for a common law tort when the employee receives workers' compensation. *See Labor Ready Inc. v. Johnston*, 289 S.W.3d 200, 203 (Ky. 2009); *United States Fid. & Guar. Co. v. Technical Minerals, Inc.*, 934 S.W.2d 266, 267 (Ky. 1996). As such, KRS 342.690 and 342.610 operate in tandem to extend immunity to contractors based on claims by its subcontractors' employees when those workers are hurt on the job. *See Johnston*, 289 S.W.3d at

203. This is the "'up the ladder' defense: an entity 'up the ladder' from the injured employee and who meets all the qualification of a 'contractor' under KRS 342.610(2) is entitled to the immunity by KRS 342.690." *Davis v. Ford Motor Co.*, 244 F. Supp. 2d 784, 786 (W.D. Ky. 2003). Thus, Ridley's motion depends on whether it is a contractor under the Kentucky Workers' Compensation Act. *See Gen. Elec. Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007); *see also Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 838 (W.D. Ky. 2005); *Smothers v. Tractor Supply Co.*, 104 F. Supp. 2d 715, 717 (W.D. Ky. 2000). Put simply, "if [defendant] qualifies as a contractor under KRS 342.610(2), then it has no liability in tort to [plaintiff] because he has already received workers' compensation benefits through his immediate employer." *Davis*, 244 F. Supp. 2d at 786. "[I]f the statute . . . were construed to allow a common law civil action against an employer who obtains a temporary employee through a temporary services company, no employer in his right mind would hire such an employee." *Technical Minerals*, 934 S.W.2d at 269.

A contractor is "[a] person who contracts with another . . . to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person." KRS 342.610(2). "Recurrent simply means occurring again or repeatedly. Regular generally means customary

or normal, or happening at fixed intervals. However, neither term requires regularity or recurrence with the preciseness of a clock or calendar." *Daniels v. Louisville Gas & Elec. Co.*, 933 S.W.2d 821, 824 (Ky. Ct. App. 1996). This is "work that is customary, usual, or normal to the particular business (including work assumed by contract or required by law) or work that the business repeats with some degree of regularity, and it is of a kind that the business or similar business would normally perform or be expected to perform with employees." *Cain*, 236 S.W.3d at 588. "The test is relative, not absolute" and relevant factors include the "nature, size, and scope as well as whether it is equipped with the skilled manpower and tools to handle the task the independent contractor is hired to perform." *Id*. The focus must be "on the actual work being performed at the time of the injury." *Estate of Dohoney ex rel. Dohoney v. Int'l Paper Co.*, 560 F. App'x 564, 569 (6th Cir. 2014).

A defendant raising up-the-ladder immunity bears the burden of proof because such immunity is an affirmative defense. *See Black v. Dixie Consumer Prods. LLC*, 516 F. App'x 412, 414 (6th Cir. 2013); *Cain*, 236 S.W.3d at 585. The defendant "must both plead and prove the affirmative defense. Even when the underlying facts are undisputed, a conclusion that a defendant is entitled to judgment as a matter of law must be supported with substantial

evidence that a defendant was the injured worker's statutory employer under" the Act. *Cain*, S.W.3d at 585.

A.

Ridley's Rule 12 motion fails. Even assuming the Court could, under Rule 12, consider the affidavit and document attached to Defendant's motion, Littleton's argument hinges on the applicability of an affirmative defense—that is, whether up-the-ladder immunity bars Littleton's claims. To survive a Rule 12 motion "a plaintiff generally need not plead the lack of affirmative defenses." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Indeed, a "complaint need not anticipate every defense and accordingly need not plead every response to a potential defense." *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). Rule 12 does not require a plaintiff to "respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014). As such, "a Rule 12(c) motion, which considers only the allegations in the complaint, is often an inappropriate vehicle for dismissing a claim based on . . . [an] affirmative defense." *Paulin v. Kroger Ltd. P'ship I*, No. 3:14CV-669-DJH, 2015 WL1298583, at *4 (W.D. Ky. Mar. 23, 2015). Littleton

is not required to "plead around" an affirmative defense and thus Rule 12 is not the proper vehicle for dismissal.

B.

Defendants alternatively move under Rule 56. This requires discussion of the proper timing of a summary judgment motion.

In general "summary judgment should not [be awarded] until the plaintiffs [are] allowed some opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994). But Rule 56 allows a motion for summary judgment "at any time." Fed. R. Civ. P. 56(b). Thus, the "rule contemplates that a defendant party may move for summary judgment even before *any* discovery has been taken." *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280 (6th Cir. 2005) (emphasis added); *see also Local Union 369, Int'l Bhd. Of Elec. Workers v. ADT Sec. Servs., Inc.*, 393 F. App'x 290, 295 (6th Cir. 2010) (upholding district court's ruling to grant summary judgment before discovery); *Humpreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993) ("Rule 56 . . . does not require trial courts to allow parties to conduct discovery before entering summary judgment."); *PNC Bank, N.A. v. M.T. Person, III*, No. 06-292-C, 2007 WL 2874459, at *3 (W.D. Ky. Sept. 26, 2007) ("Discovery need not occur before the court grants summary judgment"). Granting summary judgment so early in the case is "extraordinary and not the norm" because

"[c]ommon sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence." *Moore v. Shelby Cty.*, No. 17-5273, 2017 WL5629541, at *4 (6th Cir. Nov. 22, 2017). But where the issues on which a party seeks discovery are "irrelevant to the dispositive issue," discovery "would not change the outcome of the ruling" and is unnecessary. *ADT Sec. Servs.*, 393 F. App'x at 295.

If a nonmoving party needs additional discovery, it generally must request it under Rule 56(d). This rule—previously styled as Rule 56(f)—requires a nonmovant to "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). In those circumstances, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order. *Id.* The nonmoving party bears the burden of informing the court of its need for discovery by filing a Rule 56(d) affidavit or motion for additional discovery. *Aldridge v. City of Warrant*, 682 F. App'x 461, 464 (6th Cir. 2017); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) ("The non-movant bears the obligation to inform the district court of its need for discovery."). If the nonmoving party fails to file an affidavit or motion, the court "will not normally

12

address whether there was adequate time for discovery." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *see also Shavrnoch v. Clark Oil and Refining Corp.*, 726 F.2d 291, 294 (6th Cir. 1984) ("In the absence of" a Rule 56(d) affidavit, "the district court had no reason to delay entry of judgment."). Indeed, "a plaintiff opposing a motion for summary judgment cannot simply argue that it needs more discovery—instead the plaintiff must file a [Rule 56(d)] affidavit or a motion that indicates to the district court 'what material facts it hopes to uncover' by the additional discovery requested." *Short*, 129 F. App'x at 281.

Although Rule 56(d) requires a nonmoving party to show why it needs discovery "by affidavit or declaration," a motion alone also satisfies the rule. *See Short*, 129 F. App'x at 281. Indeed, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)). When a plaintiff "already made the argument in her opposition brief," requiring a Rule 56(d) affidavit would "exalt form over substance." *Moore*, 2017 WL5629541, at *3. "Making the arguments once is enough." *Id.*

13

Here, although Littleton has failed to file a Rule 56(d) affidavit, he has "made the argument in [his] opposition brief." *Id.* But Littleton is still "required to come forward with more than a general and conclusory statement regarding the need for discovery." *Short*, 129 F. App'x at 281. Discovery is unwarranted when the plaintiff offers "no more than the vaguest generalities about why further discovery [is] necessary or what he [hopes] to show through that discovery, both of which he [is] required to explain in at least some detail." *Aldridge*, 682 F. App'x at 464. In addition, the plaintiff must explain "what *material* facts [he] hopes to uncover by the additional discovery requested." *Short*, 129 F. App'x at 281 (emphasis added). Courts have denied requests for discovery "when the court deems as too vague the affidavits submitted in support of the motion." *CenTra, Inc. v. Estrin*, 538 F. App'x 402, 419 (6th Cir. 2008).

Plaintiff does not seek discovery on, and does not dispute, the fact that cleaning and using the clamshell was a regular business practice. In fact, Plaintiff concedes that cleaning the clamshell was "part of the pre-packaging process." [DE 1-1, p. 2]. Plaintiff further admits that employees at Ridley were "instructed to scrape molasses material from the clamshell to keep it working properly," [*Id.*], and "cleaning of molasses was part of keeping the machine running." [DE 20, p. 4]. The affidavit of

14

Ridley plant manager Shawn Emmons, attached to Ridley's Motion, further establishes the fact that the clamshell is used on a regular basis—a point Plaintiff never disputes. [DE 14-2]. And there is no dispute that Littleton was hurt while "scraping molasses feed from the clamshell." [DE 1-1, p. 2]. Plaintiff additionally does not dispute the fact that he received workers' compensation from his immediate employer, Nesco. Thus, no genuine dispute exists regarding three material facts: (1) cleaning and using the clamshell was a regular or recurrent part of the work of the trade; (2) Littleton was hurt while performing this work; and (3) as a result of his injuries, Littleton received workers' compensation through his immediate employer, Nesco.

Littleton's discovery request focuses on whether the method used to clean the clamshell constitutes a regular or recurrent part of the work of the trade. KRS 342.610(2)(a). But the precise method Littleton used is not material. So long as the clamshell was a regular or recurrent part of the work, Ridley is a "contractor" and enjoys immunity. Littleton cites no support for the proposition that *how* an employee performs a day-to-day task determines whether the task itself is a regular or recurrent part of the contractor's trade or business. Instead, he offers vague "generalities about why further discovery [is] necessary" without describing what "he [hopes] to show through discovery." *Aldridge*,

682 F. App'x at 464. The pleadings and evidence before the Court establish that Littleton was performing a routine task while ensuring the clamshell worked properly. Using and cleaning the clamshell was "customary, usual, or normal to the particular business." *Cain*, 236 S.W.3d at 588. Indeed, this work, as Plaintiff admits, was part of the normal process used to keep the machine running. [DE 20, p. 4]. Employees were instructed to regularly clean the clamshell. As such, the use and cleaning of the clamshell "repeats with some degree of regularity" and is an action that "the business would normally perform or be expected to perform with employees." *Id.* Both parties agree that the clamshell fits this definition. Accordingly, there is no genuine dispute of material fact on this issue.

Littleton also requests discovery on whether Ridley contracted away liability for damages caused by its alleged failure to comply with a safety statute. [DE 20, p. 3]. Citing *Hargis v. Baize*, 168 S.W.3d 36 (Ky. 2005), Plaintiff argues Ridley may not avoid liability based on its service contract with Nesco. [*Id.*]. In *Hargis*, the plaintiff—injured while working for defendant—was not an employee, but an independent contractor. *Hargis*, 169 S.W.3d at 42. Using a release signed by the plaintiff, defendant sought to avoid liability. *Id.* The plaintiff's status as an independent contractor was vital to the court since the complaint otherwise

16

"would have been summarily dismissed as barred by KRS 342.690(1), the 'exclusive remedy' provision of the Workers' Compensation Act." *Id.* at 42. Indeed, "if Hargis had been a direct employee of [defendant], this action would be precluded." *Id.* at 45. This is not the case here, and thus *Hargis* thus does not apply. And in any event, the *Hargis* decision centered on defendant's attempt to immunize itself through an agreement with plaintiff, not a *statute* that specifically provides for such immunity as is the case here.

Littleton disputes only non-material matters. Even if this Court allowed Littleton to access discovery on these issues, Littleton could not defeat Ridley's Motion for Summary Judgment because these are not "*material* facts [he] hopes to uncover." *Short*, 129 F. App'x at 281 (emphasis added). Thus, any discovery would be futile. And where the issues on which a party seeks discovery are "irrelevant to the dispositive issue," discovery "would not change the outcome of the ruling" and is unnecessary. *ADT Sec. Servs.*, 393 F. App'x at 295; *Green v. Nevers*, 196 F.3d 627, 631 (6th Cir. 1999) (holding a district court may deny discovery "when the discovery requested would be irrelevant to the underlying issue to be decided.").

Because there is no genuine dispute as to whether using and cleaning the clamshell was a regular or recurrent part of the work of the trade, there is no dispute that Ridley qualifies as an

17

employer under the Kentucky Workers' Compensation Act. And there is no genuine dispute that Littleton received workers' compensation through Nesco. Thus, there is no genuine dispute that Ridley enjoys up-the-ladder immunity and is entitled to judgment as a matter of law. Accordingly, Ridley's Motion for Summary Judgment is **GRANTED**.

IV.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment [DE 14] is **GRANTED;**

(2) All of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**

(3) The clerk **SHALL STRIKE THIS MATTER FROM THE ACTIVE DOCKET.**

This the 16th day of March, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge